UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHARON CASTRILLON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:11-cv-00430-WTL-DML |
| | ) |
| ST. VINCENT HOSPITAL AND HEALTH | ) |
| CARE CENTER, INC., et al, | ) |
| | ) |
| Defendants. | ) |

# Order on Defendant St. Vincent's Motion to Stay Discovery

Defendant St. Vincent Hospital and Health Care Center, Inc. ("St. Vincent") has moved (Dkt. 52) the court to stay *all* discovery, including service of initial disclosures and other pretrial disclosures, pending the ruling on its motion to dismiss the plaintiff's complaint, which was filed on May 31, 2011. The two individual defendants do not object to a stay, but plaintiff Sharon Castrillon does.

## Case Background

Dr. Castrillon's complaint arises out of treatment she says she endured while a medical resident employed by St. Vincent. At the heart of her suit is her allegation that a supervisor, defendant Steven Gerke, and his then-girlfriend and now wife, defendant Maria Espinoza-Gerke, sexually harassed her—him by unwanted sexual advances and Mrs. Espinoza-Gerke by further harassing conduct after Dr. Gerke was fired at least in part because of his unwanted sexual advances to Dr. Castrillon. Dr. Castrillon alleges that she suffered several adverse employment actions implemented by other St. Vincent employees or agents in retaliation for her perceived role in Dr. Gerke's firing, including her reporting of the harassment. Those adverse actions, she alleges, ultimately led to the termination of her residency with St. Vincent.

Her claims against St. Vincent are brought under Title VII, for sex discrimination and for retaliation because of her perceived role in contributing to Dr. Gerke's firing. She also contends that St. Vincent treated her differently from similarly situated male residents as part of its retaliatory conduct. She also asserts state law tort and contract claims against St. Vincent arising out of the non-renewal of her residency contract, later reinstatement of an employment contract, and the eventual termination of her employment, and tort claims based on St. Vincent's alleged negligent hiring or retention of Dr. Gerke and Mrs. Espinoza-Gerke. Dr. Castrillon also alleges state law claims against Dr. Gerke and Mrs. Espinoza-Gerke for defamation, trespass (against Dr. Gerke alone), intentional infliction of emotional distress, and tortious interference with contract.

## **Analysis**

Rule 26(c) provides that a court, for good cause shown, may specify terms for discovery to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense...." *See also Semien v. Life Ins. Co. of North America,* 436 F.3d 805, 813 (7th Cir. 2006) (It is "'well-settled that district courts enjoy broad discretion in controlling discovery.'") (internal citations omitted).

St. Vincent contends that discovery should be prohibited as unduly burdensome and expensive pending the court's determination of its motion to dismiss. If the court grants St. Vincent's motion, then the court likely will relinquish jurisdiction altogether, because the only claims providing the basis for federal court jurisdiction—the Title VII claims—will have been dismissed. Under those circumstances, argues St. Vincent, the court should not impose discovery obligations on it before the court determines whether any claims against it are viable

2

and should not impose discovery obligations on any of the parties until it is certain that the case will remain in this court.

The court is not persuaded that this case is one where a motion to dismiss makes a stay of all discovery appropriate. No general policy dictates a stay of discovery simply because a motion to dismiss has been filed. In this case, St. Vincent's motion to stay discovery was filed months after St. Vincent filed its motion to dismiss and after the court entered its case management order approving the parties' jointly proposed plan. That plan contains ordinary and typical discovery deadlines, and St. Vincent proposed it without any suggestion that a stay would be appropriate pending the decision on its motion and without any indication that the parties had discussed a stay in conferring about the plan.[1] Second, although this magistrate judge does not in any manner intend to predict the ruling on St. Vincent's motion to dismiss, she does observe that some of St. Vincent's arguments appear to rely on a stilted reading of Dr. Castrillon's complaint and thus may trudge uphill. In any event, it is not plainly evident that St. Vincent will be wholly successful on its motion.[2] Third, even if St. Vincent's motion to dismiss is granted, it will not

---

[1] Dr. Castrillon also argues that St. Vincent did not meet its Rule 37 obligation to confer meaningfully with her before filing its motion to stay discovery. Although the court agrees that St. Vincent did not do much to invite a meaningful discussion about staying discovery, it is clear that the parties would not have reached an agreement. The court will reach the merits of St. Vincent's motion.

[2] On the one hand, St. Vincent argues that it would be inappropriate for the court to consider the strength (or weakness) of the merits of Dr. Castrillon's opposition to St. Vincent's dismissal motion in ruling on its request for a stay. (Dkt. 53 at p. 2, n.1). On the other hand, St. Vincent maintains that the court should not allow discovery that would impose costs on St. Vincent when Dr. Castrillon's claims are "unfounded," and do not satisfy the *Twombly/Iqpal* pleading standards. (*Id.* at 5). (And the court notes here that St. Vincent's *Twombly/Iqpal* argument pertains to one count only—her claim that similarly situated males were treated differently—and Dr. Castrillon has attempted to strengthen that claim with arguments in her response brief, which may or may not be successful. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007) (once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.)) In the court's view, it is not inappropriate to give some consideration to the relative merits of a motion to dismiss—and

3

resolve all of the plaintiff's claims because her claims against Dr. Gerke and Mrs. Espinoza-Gerke will remain, even if they are then litigated in state court. Some of those claims contain factual predicates (like the tortious interference with contract claim) that will likely require discovery from St. Vincent, whether or not it is a party. This case is therefore unlike those where a motion to dismiss, if granted, would adjudicate the merits of all claims and discovery likely would be a wasted exercise. *See, e.g., Sanders v. City of Indianapolis,* 2010 WL 1410587 at *1 (S.D. Ind. April 2, 2010) (noting increasing frequency of discovery stays in cases where dismissal motion raises substantial argument that plaintiff has no legally cognizable claims).

Further, St. Vincent's motion for stay does not identify any specific discovery requests that impose an undue burden or expense, taking into account the discovery needs for this case, the amount in controversy, the importance of the discovery to the issues in the case, or any other factor that would demonstrate to the court that the burden to respond to any specific requests outweighs the likely benefit of the discovery. *See* Rule 26(b)(2)(C). The apparent impetus for the stay motion was Dr. Castrillon's letter to St. Vincent identifying a wide range of electronically-stored documents she has demanded that St. Vincent preserve in the event that they are the subject of a discovery request. If and when the plaintiff serves a discovery request that seeks information St. Vincent reasonably believes is inappropriate under the Rule

---

particularly whether claims may survive in *some* forum—in deciding whether the court should halt discovery while the motion is pending.

Dr. Castrillon also points out that St. Vincent attached documents to its motion to dismiss, and contends that including materials with a Rule 12(b)(6) motion necessarily means discovery should not be stayed. The court does not agree with that broad proposition. Documents can be submitted with a Rule 12(b)(6) motion, without converting it to a motion for summary judgment, when the documents are "virtually" part of the plaintiff's complaint because they are referenced in the complaint, concededly authentic, and central to the claims alleged. *See Hecker v. Deere & Co.,* 556 F.3d 575, 582 (7th Cir. 2009). The court need not and does not determine whether the documents submitted by St. Vincent fit this category.

26(b)(2)(C) guidelines, and if the parties are truly unable to resolve their differences, then St. Vincent can file a discovery motion specifically directed to that discovery. On the current record, the court finds insufficient grounds for staying all discovery simply because a motion to dismiss is pending.

## Attorneys' Fees

Anticipating a win on her objection to St. Vincent's motion to stay all discovery, Dr. Castrillon seeks an award of attorneys' fees under Fed. R. Civ. P. 37(a)(5)(B), the "loser pays" provision of the discovery rules. Motions for protective orders (the essence of this motion to stay) trigger the provision (*see* Fed. R. Civ. P. 26(c)(3)). The court must award fees against the losing party unless its discovery position was "substantially justified or other circumstances make an award of expenses unjust." Rule 37(a)(5). The court exercises its discretion to decline to award fees. St. Vincent advanced case law to support its argument that a pending motion to dismiss directed to all claims against it, including the claims that support federal jurisdiction, provides good grounds for a stay of discovery. Put another way, this magistrate judge believes it would have been well within her discretion to grant St. Vincent's request for a stay. St. Vincent's belated assertion of the need for a stay, its failure to address the matter with Dr. Castrillon or the court in connection with case management, and the fact that discovery from it is likely even if it does not remain a party and even if this dispute ends up in state court, caused her to conclude otherwise. But an award of fees is not appropriate here.

## Conclusion

For the foregoing reasons, the court DENIES St. Vincent Hospital and Health Care Center, Inc.'s motion (Dkt. 52) to stay discovery and pre-trial disclosure deadlines. Dr. Castrillon's request for an award of attorneys' fees is DENIED. Dr. Castrillon's motion to

strike the motion to stay (Dkt. 55) is DENIED because it is moot and because it was asserted in violation of Local Rule 7.1(a).

So ORDERED.

Date: 09/29/2011

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

Kevin W. Betz
BETZ & BLEVINS
kbetz@betzadvocates.com

Sandra L. Blevins
BETZ & ASSOCIATES
sblevins@betzadvocates.com

Benjamin Conard Ellis
BETZ & BLEVINS
bellis@betzadvocates.com

Alan L. McLaughlin
LITTLER MENDELSON PC
amclaughlin@littler.com

John Patrick Ryan Jr.
HALL RENDER KILLIAN HEATH & LYMAN
jpryan@hallrender.com

Craig M. Williams
HALL RENDER KILLIAN HEATH & LYMAN
cwilliams@HallRender.com

Emily L. Yates
BOSE MCKINNEY & EVANS, LLP
eyates@littler.com