UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHARON CASTRILLON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 1:11-cv-430-WTL-DML |
| ) | |
| ST. VINCENT HOSPITAL AND HEALTH ) | |
| CARE CENTER, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## ENTRY REGARDING COUNT VIII

In its ruling on the Defendants' motions for summary judgment, the Court ordered the parties to provide further briefing with regard to Indiana law as it relates to Count VIII of the Plaintiff's Complaint, in which Plaintiff Sharon Castrillon alleges that Defendant St. Vincent Hospital and Health Care Center, Inc. ("St. Vincent") breached its implied duty of good faith and fair dealing by "refusing to provide adequate academic and professional guidance, and by implementing obstacles for the purpose of causing Dr. Castrillon to fail, including, but not limited to, scheduling Dr. Castrillon's work and exams to ensure that Dr. Castrillon would not have any opportunity to study or prepare, and by providing notice of the non-renewal of her employment contract after the final registration deadline to enter the [national resident matching program to obtain a position with another hospital]." Complaint at ¶ 110. The parties have completed the supplemental briefing and the Court, being duly advised, rules as follows.

Under the law of some states, a duty of good faith is read in to every contract. However, "Indiana courts have recognized an implied covenant of good faith and fair dealing in contract law, but generally only in limited circumstances involving employment contracts and insurance contracts." *Allison v. Union Hosp., Inc.*, 883 N.E.2d 113, 123 (Ind. App. 2008). Dr. Castrillon's

position with St. Vincent was that of a medical resident, and as such she was both a student and an employee. The Court asked Castrillon to identify what specific duty under Indiana law St. Vincent had to her *as her employer* that she believes St. Vincent breached by acting in bad faith and gave St. Vincent the opportunity to respond with its understanding of Indiana law on the issue.

Castrillon has responded by identifying the following contractual provision contained in her contracts with St. Vincent that she argues St. Vincent breached by its alleged bad faith:

> [St. Vincent] assumes responsibility for providing a residency program that is accredited by ACGME, a suitable environment for learning and due process for the redress of any grievances as described in the Handbook. Hospital represents that its Program, as detailed in the Handbook, contains policies addressing gender and other forms of harassment, and provides Resident access to confidential counseling, medical and psychological support services, including those dealing with physician impairment.

However,

> [i]t is axiomatic that tort obligations arise, not from an agreement between the parties, but by operation of law. *Webb v. Jarvis*, (1991), Ind., 575 N.E.2d 992, 995; *Peru Heating Co. v. Lenhart*, (1911), 48 Ind. App. 319, 326, 95 N.E. 680, 683 ("a tort denotes an injury inflicted otherwise than by a mere breach of contract; ... a tort is one's disturbance of another in rights which the law has created, either in the absence of contract or in consequence of a relation which a contract has established between the parties.")

*Erie Ins. Co. v. Hickman*, 622 N.E.2d 515, 518 (Ind. 1993). Castrillon has not pointed to anything in Indiana law that would impose tort liability on an employer for the actions alleged in Count VIII. Accordingly, the Court agrees with the position taken by St. Vincent in its summary judgment motion: the law applicable to Count VIII is that set forth in *Gordon v. Purdue Univ.*, 862 N.E.2d 1244 (Ind. App. 2007), and other cases involving the relationship between students and universities and other institutes of higher learning.

2

The Indiana Court of Appeals held in *Amaya v. Brater*, 981 N.E.2d 1235 (Ind. App. 2013), that a student does not have a separate cause of action for breach of the duty of good faith. Rather, under Indiana law, "'the relationship between a student and an educational institution is contractual in nature. The terms of the contract, however, are rarely delineated, nor do the courts apply contract law rigidly.'" *Id.* (quoting *Neel v. Indiana Univ. Bd. of Trustees*, 435 N.E.2d 607, 610 (Ind. App. 1982)). Further,

> [i]n the area of academic services, the courts' approach has been similar to that used with contracts conditioned upon the satisfaction of one party. The university requires that the student's academic performance be satisfactory to the university in its honest judgment. Absent a showing of bad faith on the part of the university or a professor, the court will not interfere. The good faith judgment model both maximizes academic freedom and provides an acceptable approximation of the educational expectations of the parties.

*Id.* (citations omitted). This bad faith standard was applied by the court in *Gordon*, in which, similar to Castrillon's allegations in this case, the plaintiff alleged that Purdue "refused to provide the guidance and assistance necessary for him to meet his academic objectives, and that they were contractually obligated to do so." *Gordon*, 862 N.E.2d at 1248.

In this case, of course, no contract need be implied, as there were written contracts between Castrillon and St. Vincent, and it is certain terms of those contracts that Castrillon alleges were breached in bad faith by St. Vincent; namely, the requirement that St. Vincent provide her with "a suitable environment for learning." In her supplemental brief, Castrillon argues that St. Vincent breached this requirement by failing to do the following:

- provide a working environment free of sexual harassment and retaliation;
- provide critical feedback through the formative evaluation process and through a mentor or advisor;

3

- allow her to take standardized examinations under the same circumstances as other residents and in an environment that would maximize her success;
- prevent the spread of negative and defamatory rumors and opinions about Dr. Castrillon that she was a sexual seductress and drug user without giving her an opportunity to know about or respond to those unsupported rumors; and
- promote her when she successfully completed her PGY-1 rotations rather than requiring her to repeat ten months of rotations she had already completed successfully.

The Court finds that Castrillon has pointed to evidence (set forth at length in the Court's ruling on summary judgment) which, viewed in the light most favorable to Castrillon, could support a finding that St. Vincent breached its obligation to provide her with a suitable environment for learning and did so in bad faith. Accordingly, the Hospital is not entitled to summary judgment on Count VIII, although it will be submitted to the jury as a claim for bad faith breach of contract, rather than as a tort claim.

SO ORDERED: 4/15/15

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification